Marvin, J.
This is a proceeding in mandamus to compel the defendant as auditor of Cuyahoga county tc issue a warrant to the relator, Ward, for a fee as juror.
Ward, claims he is entitled to to the payment of such fee out of the county treasury. The relator states in his petition, that he was summoned to and did serve as such juror before E. H. Bohm, a justice of the peace in this county, on the 27th day of January, 1899, in the trial of one Henry Y. Scanlon, who was charged with having violated that statute of the state of Ohio making it an offense to serve and furnish oleomargarine without displaying a placard advertising that such oleomargarine was^kept by him; that the trial resulted in a verdict of guilty, and the court gave judgment accordingly and sentenced Scanlon to pay a fine and the costs of the prosecution, and that, upon failure to pay . such fine and costs, he should be committed to jail until the same were paid. The fine and costs have not been paid, and it is further averred in the petition that Scanlon never was committed to jail; he was .never actually incarcerated in the jail; he gave notice of his *20 intention to appeal the case and to file his petition in error in the court of common pleas of Cuyahoga county, Ohio, and applied for an order suspending the execution of said sentence during the pendency of said proceedings in error, and entered into recognizance according to law, whereupon execution of said' judgment and sentence was suspended pending such'proceedings in error. The justice made out a full transcript of the proceedings and the costs therein, properly certified the same under oath, and delivered such transcript to the defendant as such auditor of said county. The amount shown by the transcript, to be owing to the relator for his services, as such juror, is two dollars. The relator says that he has requested and demanded of the auditor to draw his warrant on the county treasurer for the amount of his fees in the said proceedings, two dollars,and deliver the same to him, and that the defendant has and does refuse to do so.
To this petition, the defendant filed a general demurrer. And this raises the question, under the facts set forth in the ■petition, whether the relator is entitled to be paid out of the county treasury his fee as a juror in a case where there has been no actual incarceration of the party tried, for failure to pay the costs and fine in a case where the party has been found guilty.
The section of the statutes under which Scanlon was tried, was 4200, sub-section 18, Bates' Statutes. Section 8718a gives justices of the peace final jurisdiction in cases of this sort, and provides, among other things:
“That in all cases brought under the provisions of this section, if the defendant be acquitted, or if convicted and committed in default of paying fine and costs, the cost of each case shall be certified under oath to the county auditor, who, after correcting the same, shall issue a warrant on the county treasurer in favor of the person or persons to whom such costs and fees shall be paid.”
*21 Section 4200, srb-section 20, provides for the punishment of one violating the section under which this prosecution was had, in the manner charged against Scanlon in the affidavit; and it does not provide that as a part of the sentence that shall be imposed upon cne found guilty under section 3718a, of disposing of or furnishing oleomargarine without advertising by a placard — it does not provide in. such case, that any part of the sentence shall be that the one so found guilty, shall be committed to jail until the fine and costs are paid.
Under section 4200-20, the party convicted may be committed to jail until the fine and costs are paid; but it is not necessarily a part of the sentence that he should be so committed, though, in the prosecution of Scanlon, as alleged here, it was a part of the sentence that he be so committed.
It is urged on the part of the relator, that the sentence having been pronounced upon Scanlon that he pay a fine and pay costs and that he be committed to jail until the payment of such fine and costs, brings this within the purview of section 3718a, and its provisions, requiring upon the filing of a transcript with the certificate, under oath, as to the costs, with the auditor, that he shall thereupon draw his warrant on the county treasurer. It is said that when the sentence is pronounced, that that brings the cause within that clause of the statute requiring the auditor to draw a warrant in case of a party being committed- to jail.
• As we view' this case, it is not essential to'the proper determination of it, that that question be here decided; and, perhaps, a wise thing to do is to omit saying anything as to the view we would take if that question was necessarily raised here. The fact is in this case,Scanlon never was committed to jail, That the reason he was not committed was, that there was a suspension of the execution of the sentence, upon his giving the undertaking required by law in the prosecution of proceedings in error to a higher court. *22 A similar question might arise if Scanlon, instead of giving such undertaking, had been taken into custody by the sheriff,and on the way.to jail had escaped, and so never had been committed. However that question might be determined if it were here to be determined, is, as has already been said, in our view, immaterial in this proceeding,
Section 1330, Revised Statutes, provides that:
“In all criminal cases where a jury may be called to try the issue joined, and the defendant shall be convicted, there shall be taxed in the bill of costs the sum of six dollars as a jury fee, and judgment shall be rendered therefor against such defendant, which sum, when collected by the clerk of said court or sheriff, to whom execution shall have been issued, shall be paid over to the county treasurer.”
Now, whatever, the custom may have been, we are not aware of any statute which authorizes the taxing as costs in proceedings under the statutes generally known as “Pure Food Statutes”, a jury fee, to include all that is to be paid to jurors; and to hold that what is to be paid to the jurors in such proceedings, shall be taxed as costs against the party prosecuted and found guilty, would be to put upon the defendant in such prosecution where he is found guilty, a burden not put upon one prosecuted for more serious offenses under .indictments. If one were prosecuted for the crime of arson, and found guilty, there could be taxed against him but six dollars as jury fees — and so of any other of the felonies punished under the laws of Ohio; and yet if there is to be taxed the entire amount that tbeseveral members of the jury are to receive in prosecutions of this sort, as has already been said, a much greater burden would be put upon the defendant than if he were on trial for arson, burglary, robbery, or any other offense that is indictable under the statute as felony.
Section 5182, Revised Statutes, provides that:
“Each grand and petit juror, drawn from the jury box pursuant to law, and each juror selected by the court pur *23 suant to section 5178 of this chapter, and each talesman shall be allowed two dollars per day, for each day he serves; and if not a talesman, five cents per mile from his place of residence to the county seat, and such compensation shall be certified by the clerk of the court, and paid by the county treasurer on the warrant of the county auditor.”
Wm. E. Patterson, for Plaintiff.
P. H. Kaiser, for Defendant.
We have held in a case recently in this court, Bentley against Akins,auditor, that this section,so far as the amout to be paid to jurors is concerned, applies to prosecutions under the “Pure Food Laws.”
We held that the amount of two dollars provided for in •section 5182, is the amount to which jurors, in such prosecutions as this against Scanlon, are entitled, and that two dollars per day is the fee that each juror is to receive. So held by virtue of section 6705, which provides:
“That provisions of title 1, of part 8, of the Revised Statutes, which are in their nature applicable to the proceedings before justices, and in respect of which no special provision is made in this title, are applicable to the proceedings before justices of the peace.”
Section 5182 comes under title 1, part 8, Revised Statutes. For the same reason that we there held the fee to be paid to each juror was two dollars, we hold that the payment is to be made upon the warrant issued by the county auditor upon the treasurer, and that when the clerk, or, in a case of this sort, a justice of the peace, who is his own clerk, certifies to the auditor the amount to which a juror is entitled, it is his business to issue a warrant upon the treasurer for the payment of that fee. We do not understand that if the en.tire fee of the jury should amount to twenty-four dollars, that that is part of the costs to be taxed against the party convicted. The county is to pay each juror the amount coming to him.
Entertaining these views, the demurrer is overruled, and judgment may be entered for the relator.